**Gui CHEN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73818.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided May 28, 2004.

Arthur J. Liu, Downing & Liu, LLP, Attorney at Law, Oakland, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaretta Eakin, Esq., Norah Ascoli Schwarz, Esq., Russell J.E. Verby, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: NOONAN and PAEZ, Circuit Judges, and SELNA,* District Judge.

MEMORANDUM **

Petitioner Gui Chen ("Chen"), a native and citizen of China, appeals the Board of Immigration Appeals' ("BIA") November 5, 2002 Order upholding the Immigration Judge's ("IJ") decision to deny Chen's ap-

---

* The Honorable James V. Selna, District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

plication for asylum, 8 U.S.C. § 1158(a) (Supp. II 1996) (recodified at 8 U.S.C. § 1158(b)), and withholding of removal under Immigration and Nationality Act ("INA") Section 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A), and Article Three of the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment of Punishment, opened for signature Feb. 4, 1985, S. Treaty Doc. No. 100–20, at 20 (1988), 23 I.L.M. 1027, 1028 (1984) ("Convention Against Torture").

We conclude that the IJ's adverse credibility finding was based on sufficiently "specific, cogent" reasons, and is thus supported by substantial evidence. *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996). Because Chen's testimony was not credible, he failed to meet the standard of proof to qualify for asylum. It necessarily follows that he failed to meet the higher standard to qualify for withholding under the INA. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

We further hold that the IJ's denial of Chen's claim for withholding of removal under the Convention Against Torture was supported by substantial evidence. Chen presented no evidence, credible or otherwise, that his mistreatment rose to the level of torture. *See* 8 C.F.R. § 208.18(a)(1).

The petition for review is accordingly DENIED.